UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
U.S. MERCHANDISE, LLC

                              Plaintiff,                                 **REPORT AND RECOMMENDATION**

        -against-                                        CV 22-0566 (OEM)(AYS)

BT SUPPLIES WEST, INC.

                              Defendant.
-----------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Orelia E. Merchant for report and recommendation, is the motion of Plaintiff, U.S. Merchandise, LLC ("Plaintiff"), for a default judgment against Defendant BT Supplies West, Inc ("Defendant"). (Docket Entry ("DE") [38].) By way of a Complaint filed on January 31, 2022, Plaintiff commenced this diversity action against Defendant, alleging claims for breach of the implied warranty of merchantability, breach of the implied warranty of fitness, breach of express warranty, revocation of acceptance, and unjust enrichment, arising out of the sale by Defendant of certain COVID-19 self-testing kits that Plaintiff alleges could not legally be sold in the United States as they were not approved by the Federal Drug Administration ("FDA"). (Compl., DE [1].)

       While Defendant initially appeared in this action, counsel for Defendant was relieved by Order of this Court on June 1, 2023. Defendant was afforded time to obtain new counsel and was advised that, as a corporate entity, it is not permitted to represent itself in this action. Defendant was further advised that failure to obtain new counsel could result in the imposition of a default judgment. (Order of Shields, M.J. dated June 1, 2023.)

       New counsel never appeared on behalf of Defendant. On August 10, 2023, the Clerk of the Court certified Defendant's default. (DE [37]) On August 15, 2022, Plaintiff filed the within

motion for default judgment, (DE [38]), which Judge Merchant referred to this Court for a report and recommendation as to whether the motion should be granted and, if so, to determine the appropriate amount of damages, costs and fees, if any, to be awarded. (Elec. Order of Merchant, J., dated Aug. 16, 2023.) Defendant has not filed any opposition to Plaintiff's motion.

For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as set forth herein.

## BACKGROUND

On or about January 7, 2022, Plaintiff entered into an agreement with Defendant (the "Agreement"), whereby Plaintiff agreed to purchase 320 cases of Flow Flex SARS-COV-2 Antigen Rapid Test Self-Testing kits (the "Tests"), for a total purchase price of $657,600.00. (Compl. ¶ 7, and Ex. A, annexed thereto.) Plaintiff sought to purchase the Tests from Defendant so that it could market for sale and supply its retailer/vendor customers located in the United States with COVID-19 self-testing kits. (Compl. ¶ 8.) Defendant knew the particular purpose for which Plaintiff required the Tests. (Id. ¶ 9.)

Defendant delivered the Tests to Plaintiff on or about January 7, 2022. (Id. ¶ 10.) That same day, Plaintiff wired Defendant the entire purchase price amount of $657,600.00. (Id. ¶ 11.) Shortly thereafter, Plaintiff learned, for the first time, that the Tests could not be legally imported, distributed, or used in the United States because they had not been approved, cleared or authorized by the FDA. (Id. ¶ 12.) In fact, the Tests were recalled by their manufacturer, ACON Laboratories, Inc., on or before January 9, 2022. (Id. and Ex. B, annexed thereto.)

On January 14, 2022, Plaintiff notified Defendant that the Tests Defendant sold to Plaintiff were defective and that Plaintiff was rejecting delivery of the Tests. (Id. ¶ 13.) In addition, Plaintiff demanded that Defendant cure its breach by either: (1) refunding to Plaintiff

2

the entire purchase price amount of $657,600.00; or, (2) replacing the non-conforming Tests with conforming Tests that were authorized for sale in the United States under the FDA Emergency Use Authorization EUA210494. (Id. ¶ 14 and Ex. C, annexed thereto.) Defendant failed to timely cure or otherwise respond to Plaintiff's January 14, 2022 notice. (Id. ¶ 15.)

On January 20, 2022, Plaintiff sent a final demand letter to Defendant, again notifying Defendant of its rejection of the defective and non-conforming Tests and again demanding that Defendant cure the breach. (Id. ¶ 16 and Ex. D, annexed thereto.) Defendant again failed to timely cure or otherwise respond to Plaintiff's January 20, 2022 notice. (Id. ¶ 17.)

## DISCUSSION

I.   Legal Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d. Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id.

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

Based on the allegations set forth in Plaintiff's Complaint – which are deemed to be true – as well as the Affidavit of Steven Tosti ("Tosti"), Plaintiff's Chief Operating Officer, (DE [38-3], which substantiates these allegations, the Court concludes that there is a basis for liability for the claims alleged in the Complaint. Accordingly, the Court respectfully recommends that Plaintiff's motion for default judgment be granted.

II. <u>Damages</u>

    A. <u>Standard Applicable to a Damages Award Following Default Judgment</u>

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. See, e.g., Greyhound Exhibitgroup, 973 F.2d at 158; Olvera v. Los Taquitos Del Tio Inc., No. 15 Civ. 1262, 2015 WL 3650238, *1 (E.D.N.Y. June 11, 2015); Guaman v. Krill Contracting, Inc., No. 14-CV-4242, 2015 WL 3620364, at *2 (E.D.N.Y. June 9, 2015). Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable

4

certainty." Olvera, 2015 WL 3620364, at *1. Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but . . . directly traceable to the breach, not remote or the result of other intervening causes." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999). While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Quiros, Inc., No. 13-CV-7017, 2015 WL 1247102, at *5 (E.D.N.Y. Mar. 18, 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

The court determining damages has the discretion to hold an evidentiary hearing. See Fed. R. Civ. P. 55(b)(2); see also Castellanos v. Deli Casagrande Corp., No. CV 11-245, 2013 WL 1207058, at *3 (E.D.N.Y. Mar. 7, 2013), adopted by, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013). Such a hearing is not required, however, so long as the documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty. See Avelar, 2015 WL 1247102, at *7.

    B.    <u>Compensatory Damages</u>

Plaintiff seeks compensatory damages in the amount of $657,600.00, the purchase price of the non-conforming Tests that Plaintiff paid in full to Defendant. The allegations in both the Complaint and Tosti's Affidavit establish that Plaintiff entered into the Agreement with Defendant to purchase the Tests for a total purchase price of $657,600.00. While Plaintiff tendered the amount due under the Agreement, Defendant failed to provide the agreed-upon Tests, instead delivering non-conforming tests that were not FDA-approved. As Defendant has failed to cure its breach of the parties' Agreement, Plaintiff is entitled to recover its full amount

5

of damages. Accordingly, this Court respectfully recommends that Plaintiff be awarded $657,600.00 in compensatory damages.

    C.    <u>Pre-Judgment Interest</u>

Plaintiff also seeks to recover pre-judgment interest from the date of the breach – January 14, 2022 – to the date that judgment is entered herein. While Plaintiff does not set forth any basis by which it is entitled to recover pre-judgment interest, New York law is clear that "[i]nterest is generally mandatory" upon a sum awarded for breach of performance of a contract at a rate of nine percent per annum.[1] <u>Rhodes v. Davis</u>, 628 Fed. App'x 787, 792 (2d Cir. 2015) (citing N.Y. C.P.L.R. §§ 5501(a) and 5504). Interest is to be computed from the "earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. §§ 5501(b).

Taking into account the foregoing, Plaintiff is entitled to pre-judgment interest from January 14, 2022 through the date that judgment is entered herein at a rate of nine percent per annum. When calculated on a per diem basis ($657,600.00 x 0.09 ÷ 365 days per year), this amounts to $162.15 in interest per day. There are 655 days from January 14, 2002 through the date of this Report and Recommendation, which results in a pre-judgment interest calculation of $106,208.25.

Accordingly, this Court respectfully recommends that Plaintiff be awarded pre-judgment interest, through the date of this Report and Recommendation, in the amount of $106,208.25, with additional interest to be calculated at a rate of $162.15 per day through the date that judgment is entered herein.

---

[1] In a diversity action, such as this, state law governs pre-judgment interest because "[t]he availability of pre-judgment interest is a substantive, rather than a procedural, question." <u>City of N.Y. v. Nat'l R.R. Passenger Corp.</u>, No. 06-cv-793, 2009 WL 483343, at *1 (E.D.N.Y. Feb. 25, 2009) (citing <u>Adams v. Lindblad Travel, Inc.</u>, 730 F.2d 89, 93 (2d Cir. 1984)).

      D.      <u>Post-Judgment Interest</u>

Although not requested in its motion for default judgment, Plaintiff should also be awarded post-judgment interest, pursuant to 28 U.S.C. § 1961, which must be applied to "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Accordingly, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. <u>See</u> 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); <u>see also</u> <u>Schipani v.McLeod</u>, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute).

      E.      <u>Costs</u>

Plaintiff has not requested attorney's fees incurred in bringing this action; nor has it submitted contemporaneous billing records. Rather, Plaintiff only seeks reimbursement for the cost incurred in filing this action – the court filing fee of $402.00. The Court may take judicial notice of this fee. <u>See</u> <u>Joe Hand Promotions, Inc. v. Bernal</u>, No. 18-CV-85, 2019 WL 885930, at *7 (E.D.N.Y. Feb. 22, 2019) (citation omitted). Accordingly, this Court respectfully recommends that Plaintiff be awarded costs in the amount of $402.00.

<u>RECOMMENDATION</u>

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages as follows: (1) compensatory damages in the amount of $657,600.00; (2) pre-judgment interest in the amount of $106,208.25, with additional interest to be calculated at a rate of $162.15 per day through the date that

7

judgment is entered herein; (3) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961; and, (4) costs in the amount of $402.00.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es), and to file proof of service on the docket sheet, by November 2, 2023. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
October 30, 2023

                                            /s/ Anne Y. Shields
                                            ANNE Y. SHIELDS
                                            United States Magistrate Judge